# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 94 | **DATE** | 8/14/2000 |
| **CASE TITLE** | Sandra S. Donnelly vs. Illini Cash Advanced, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/31/2000 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's Motion for Class Certification [13] is granted. Defendants' Motion to Dismiss [7] is denied. This case is set for status on Thursday, August 31, 2000 at 9:30 A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | AUG 16 2000 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 AUG 15 PM 3: 13 | 29 |
| RJ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SANDRA S. DONNELLY, )
)
        Plaintiff, )
)
v. ) No. 00 C 94
)
ILLINI CASH ADVANCE, INC.; )
LES BANKS; and JOHN DOES 1-10; )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

DOCKETED
AUG 1 6 2000

Plaintiff Sandra S. Donnelly has brought suit against defendants Illini Cash Advance Inc., Les Banks, and John Does 1-10 (collectively "Illini Cash") to recover damages for alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 226, as well as state law, in connection with high-interest "payday loans." Donnelly has moved for class certification, and Illini Cash has moved to dismiss. For the reasons discussed below, Donnelly's motion is granted, and Illini Cash's motion is denied.

### Background[1]

"Payday loans" are short-term, high-interest loans. The loans at issue here were two weeks in duration, with an annual percentage rate of 521.4%. At the end of the two-week term, the customer has the option of continuing the loan for an additional period by paying the interest. The loans are typically "rolled over" on multiple occasions.

---

[1] The allegations in Donnelly's complaint are assumed to be true for purposes of Illini Cash's motion to dismiss. *See Miree v. DeKalb County*, 433 U.S. 25, 27 n.2 (1977).

On or about July 26, 1999, Donnelly obtained a payday loan from Illini Cash for nonbusiness purposes. This loan represented a renewal of two prior payday loans. On each occasion, Donnelly signed a standard form "Consumer Loan Agreement" and gave a postdated check to Illini Cash to secure the loan.

Donnelly alleges that Illini Cash's "Consumer Loan Agreement" violates TILA and Regulation Z, which require lenders to disclose any security interest, by failing to disclose the security and affirmatively stating that no security interest is taken. Donnelly's complaint consists of four counts: the first is brought on behalf of a class, alleging that the failure to disclose the security interest violates TILA and Regulation Z; the second, based on the same allegations, is brought individually by Donnelly; the third is a class claim alleging that Illini Cash's loans are unconscionable; the fourth is a class claim alleging unfair and deceptive practices under the Illinois Consumer Fraud Act, 815 ILCS 505/2.

## Analysis

The court first addresses Donnelly's motion for class certification. Where a plaintiff seeks class certification, the court, as a general principle, should not consider the merits of the case. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). Plaintiffs seeking class certification must establish that the action satisfies the four requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

*Numerosity*: Because Illini Cash does not dispute the numerosity element, the court finds that it is satisfied.

*Commonality*: Illini Cash argues that individual issues dominate in this case because the class members will have to establish actual damages in order to recover. According to Illini Cash, the violation alleged cannot be based on a failure to disclose the security interest, but rather must relate to the conspicuousness and placement of the disclosure. Because such a violation would not entitle class members to statutory damages under TILA, actual damages would need to be established. Illini Cash contends that such a showing would require the court to address individual issues that would vary from class member to class member, including individual defenses and counterclaims. Illini Cash also argues that individual inquiries would predominate on class members' unconscionability claims because the Seventh Circuit, in *Original Great American Cookie Co. v. River Valley Cookies, Ltd.*, 970 F.2d 273 (7th Cir. 1992), rejected the concept of substantive unconscionability, and procedural unconscionability requires an individualized determination as to which plaintiffs had a reasonable opportunity to understand the contract's terms.

As has been noted in other payday loan cases, "[t]he fact that the defendants engaged in standardized conduct by distributing allegedly illegal form contracts or documents supports a finding of a common nucleus of operative fact." *Pinkett v. Moolah Loan Corp.*, No. 99 C 2700, 1999 WL 1080596, at *3 (N.D. Ill. Nov. 2, 1999). The arguments Illini Cash raises in opposition to a commonality finding have been repeatedly rejected in this district. First, Illini Cash's argument that class members cannot, as a matter of law, recover statutory damages goes to the merits of the case, and so cannot be considered here. *See Jackson v. Check 'N Go of Illinois,*

*Inc.*, No. 99 C 7319, 2000 WL 782927, at *1 (N.D. Ill. Jun. 13, 2000). Donnelly seeks statutory damages under TILA on behalf of the class. The individualized inquiry warned of by Illini Cash is not required for an award of statutory damages. Second, even if the merits of Donnelly's allegation were properly addressed at this stage, Illini Cash's argument would fail. As discussed below in conjunction with the motion to dismiss, the court finds that Donnelly's allegations, if proven true, entitle her to statutory damages.

Third, potential counterclaims do not defeat class certification. *See Davis v. Cash For Payday, Inc.*, No. 00 C 34, 2000 WL 639734, at *2 (N.D. Ill. Apr. 26, 2000) (citing *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1164-65 (7th Cir. 1974)); *Pinkett*, 1999 WL 1080596, at *4 ("[I]t is well established that individual counterclaims or defenses do not render a case unsuitable for class certification."). Fourth, the Seventh Circuit has not rejected the concept of substantive unconscionability. As explained in another payday loan case:

> [T]he defendants fail to show that the Seventh Circuit has in fact rejected the substantive unconscionability doctrine in Illinois. They cite a case [*Great American Chocolate Chip Cookie*] stating that a commercially unreasonable term, one that "no person in his right mind would have agreed to," may give rise to, but does not require, an inference of unconscionability. . . . However, that is not the same as denying that there is any such thing as substantive unconscionability; on the contrary, it allows an inference of unconscionability from the commercial unreasonableness of the terms.

*Jackson*, 2000 WL 782927, at *2; *see also Davis*, 2000 WL 639734, at *3 (rejecting defendants' characterization of *Great American Chocolate Chip Cookie* and finding that "substantive unconscionability is a recognized cause of action under Illinois state law"); *Pinkett*, 1999 WL 1080596, at *5 (same).

*Typicality*: Because Illini Cash has not challenged Donnelly's satisfaction of the

4

typicality element on any grounds distinct from its argument regarding the commonality requirement, the court finds that the typicality requirement is satisfied.

*Adequacy of Representation*: Illini Cash argues that Donnelly has failed to establish that she will fairly and adequately protect the interests of the class because she "has failed to establish that she is or was a 'necessitous borrower' who has limited access to loans." (Class Cert. Resp. at 10) As in other cases, Illini Cash has not indicated why being a "necessitous borrower" is "necessary for her to be an adequate representative, or, if it was necessary, then why she took out a payday loan at more than 500% interest if she was not a necessitous borrower." *Jackson*, 2000 WL 782927, at *3; *see also Davis*, 2000 WL 639734, at *3 (rejecting "necessitous borrower" argument). Because Illini Cash has offered no evidence that Donnelly would not adequately represent the class, and because the court is aware of no independent reason to doubt her ability to represent the class, the court finds this element to be satisfied.

In addition to satisfying the prerequisites of Rule 23(a), before certifying a class under Rule 23(b)(3), the court must find that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). Illini Cash argues that these requirements have not been met. First, Illini Cash repeats its insistence that individual questions predominate in the damages and unconscionability inquiries. As discussed above, the court rejects those arguments. Second, Illini Cash argues that "it would be virtually impossible to try this case efficiently if plaintiff's proposed class is certified, because any injury will be confronted with a confounding array of diverse issues that will by necessity, need to be considered separately for each member of the

5

putative class." (Class Cert. Resp. at 11-12) Again, this argument presumes that the class members will not be entitled to statutory damages, and that they will be foreclosed as a matter of law from pursuing substantive unconscionability claims. Because the court disagrees with these presumptions, the court finds certification under Rule 23(b)(3) to be appropriate.

Illini Cash has moved to dismiss Donnelly's complaint, arguing that Counts I and II fail to state claims upon which relief can be granted, and that the court should decline to exercise supplemental jurisdiction over Counts III and IV. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not decide its merits. *Triad Associates Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). A complaint should not be dismissed unless it appears that the plaintiff cannot prove any facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988).

First, Illini Cash argues that Count I should be dismissed because although it is brought as a class claim, only Donnelly was a party to the July 26, 1999 loan agreement attached to the complaint. The court finds this argument meritless. The violation alleged in Count I is based not on the July 26 loan agreement in particular, but on the agreement form as represented by the July 26 agreement. Class members need not have been parties to Donnelly's loan; they need merely to have entered into loan agreements with Illini Cash using the same form that Donnelly used.

Second, Illini Cash argues that both Counts I and II fail to state a claim because they do not plead actual damages, and they do not allege violations that would entitle Donnelly to statutory damages. Illini Cash contends that it complied with TILA's and Regulation Z's

requirement that the loan agreement disclose any security interest acquired by the lender. Because the disclosure requirement is satisfied, Illini Cash argues that statutory damages are not available to Donnelly under 15 U.S.C. § 1640(a). The only potential violations alleged by Donnelly, according to Illini Cash, relate to the form and conspicuousness of the security interest disclosure – violations for which actual, but not statutory, damages are available.

TILA requires a lender to provide "[a] statement that a security interest has been taken in (A) the property which is purchased as part of the credit transaction, or (B) property not purchased as part of the credit transaction identified by item or type." 15 U.S.C. § 1638(a)(9). Section 226.18(m) of Federal Reserve Board Regulation Z provides that the disclosure must include "[t]he fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type." 12 C.F.R. § 226.18(m). All disclosures required by federal law must be grouped together and "conspicuously segregated" from other information. 15 U.S.C. § 1638(b)(1).

Illini Cash insists that it disclosed the security interest by providing the following statement on the reverse side of the loan agreement:

> **METHOD OF PAYMENT:** Your personal check in the amount of the Total of Payments stated in the Disclosure Statement and dated as of the date indicated in the Payment Schedule stated in the Disclosure Statement (the "Payment Date") will be held by us until the Payment Date. You agree that we may deposit this check on the Payment Date, as your payment made pursuant to your Payment Schedule, if you have not paid us in cash or by cashier's check, money order or other immediately available funds the amount of the Total of Payments before noon on the Payment Date. If payment is made prior to the deposit of your personal check, we will return the check to you at the time we receive such payment.

(Exh. A to Compl.) According to Illini Cash, the only potential violation of TILA stems from the form and conspicuousness of the disclosure under § 1638(b)(1). If that is the case, then Donnelly

7

is not entitled to statutory damages under § 1640(a). *See Brown v. Payday Check Advance, Inc.*, 202 F.3d 987, 991 (7th Cir. 2000).

Donnelly points out several flaws in Illini Cash's characterization of its disclosure. First, the language cited by Illini Cash came under the heading "Method of Payment," not under a heading indicating that the disclosure related to a security interest. Second, nowhere did the language of the disclosure indicate that the check would be held as a "security interest" or even as "security." Third, the disclosure was printed in small font on the reverse side of the form. Fourth, any implicit disclosure of a security interest in the cited language was contradicted by Illini Cash's statement on the front of the form that "[n]o security interest is being taken." (Exh. A to Compl.) Under these circumstances, Donnelly argues that Illini Cash failed to provide a meaningful disclosure of a security interest.

Under similar factual circumstances, the *Jackson* court observed that "[n]o one reading the heading ('Method of Payment') or even skimming the start of the sentence would guess that the text contained anything about the security." *Jackson*, 2000 WL 782927, at *5. In this regard, the method of disclosure "goes not only to the admitted violation of § 1638(b)(1), but to whether the disclosure requirements of § 1638(a)(9) have been satisfied." *Id.* For the same reasons relied on by the *Jackson* court, this court finds Illini Cash's position to be untenable:

> [I]t would frustrate the purpose of the disclosure law to read the statute to bar statutory damages when a required disclosure is hidden in the fine print at the end of an indigestible chunk of legalistic boilerplate, and outside the federal box, set apart from the defendants' own statement in that box about "Our Disclosures to You." That would give lenders a virtually free pass to violate the disclosure requirements by making them inaccessible to borrowers whom they might inadvertently mislead about what they were supposedly disclosing.

*Id.* While the reverse side of Illini Cash's form may have described the security interest taken in

8

the customer's check, the context of the description renders it inadequate for purposes of the § 1638(a)(9) disclosure requirement. Taken together, the description's "method of payment" heading, lack of any reference to security or a security interest, and relegation to the reverse side of the form, along with the affirmative statement on the front of the form that no security interest is taken, preclude the court from finding, as a matter of law, that § 1638(a)(9) was satisfied.

Illini Cash relies on *Smith v. Cash Store Management, Inc.*, 195 F.3d 325 (7th Cir. 1999), for the proposition that it had no obligation to disclose the post-dated check as a security interest within the federal box. According to Illini Cash, it did not claim a "security interest" in Donnelly's check, but rather used the check to "secure" repayment of the loan. (Mtn. to Dismiss Reply at 2) While the *Smith* court acknowledged that not every use of a post-dated check to secure a loan qualifies as a "security interest," the court recognized that a security interest is created where the lender holding a post-dated check "has available remedies created by the Illinois bad check statute." *Id.* at 330. Illini Cash's argument to the contrary has been discussed thoroughly, and rejected, in other payday loan cases. *See, e.g., Davis*, 2000 WL 639734, at *6 (rejecting defendants' interpretation of *Smith* and listing cases holding that "a post-dated check can constitute a security interest and must be disclosed under TILA"); *Pinkett*, 1999 WL 1080596, at *9 ("It is this Court's opinion that if a post-dated check creates security for a loan, it likewise creates a security interest for the loan and should therefore be disclosed.").

Because Donnelly's allegations, if proven, would establish that Illini Cash failed to disclose the security interest it took in her post-dated check, thereby violating 15 U.S.C. § 1638(a)(9) and 12 C.F.R. § 226.18(m), Donnelly can recover statutory damages under 15 U.S.C. § 1640(a), and need not plead actual damages. Illini Cash's motion to dismiss Counts I and II is

denied.

Illini Cash contends that the court should decline to exercise supplemental jurisdiction over the unconscionability and Illinois Consumer Fraud Act claims set forth in Counts III and IV of Donnelly's complaint because they raise novel issues of state law. Under 28 U.S.C. § 1367(c)(1), a district court may decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law." Most courts addressing the same state law claims in payday loan cases have chosen to exercise supplemental jurisdiction. *See Davis*, 2000 WL 639734, at *7 (listing cases). Because the court has not dismissed the federal TILA claims, this court will do the same. Illini Cash's motion to dismiss Counts III and IV is denied.

## Conclusion

For the above reasons, Donnelly's motion for class certification is granted, and Illini Cash's motion to dismiss is denied.

ENTER:

/s/ Joan B. Gottschall
JOAN B. GOTTSCHALL
United States District Judge

DATED: August 14, 2000